E-Filing

1
2  MARK FOWLER (Bar No. 124235) (mark.fowler@dlapiper.com)
   RONALD L. YIN (Bar No. 063266) (ronald.yin@dlapiper.com)
   ALAN A. LIMBACH (Bar No. 173059) (alan.limbach@dlapiper.com)
3  M. ELIZABETH DAY (Bar No. 177125) (elizabeth.day@dlapiper.com)
   VINCENT LAM (Bar No. 229355) (vincent.lam@dlapiper.com)
4  DLA PIPER RUDNICK GRAY CARY US LLP
   2000 University Avenue
5  East Palo Alto, CA 94303-2248
   Tel:   650-833-2000
6  Fax:   650-833-2001

7  Attorneys for Plaintiff/Counterdefendants
   TOSHIBA CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,
8  TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., TOSHIBA AMERICA
   ELECTRONIC COMPONENTS, INC., TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,
9  AND TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.

10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                            SAN FRANCISCO DIVISION
13

| 14 | TOSHIBA CORPORATION, | CASE NO. C04 04708 VRW |
|---|---|---|
| 15 | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| 16 | v. | |
| 17 | HYNIX SEMICONDUCTOR INC. | Date: August 30, 2005<br>Time: 9:00 a.m.<br>Crtrm: 6 |
| 18 | Defendant. | Judge: Honorable Vaughn R. Walker |
| 19 | HYNIX SEMICONDUCTOR INC., | |
| 20 | Counterclaimant, | |
| 21 | v. | |
| 22-27 | TOSHIBA CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., TOSHIBA AMERICA MEDICAL SYSTEMS, INC., and TOSHIBA AMERICA BUSINESS SOLUTIONS, INC. | |
| | Counterdefendants. | |

-1-

The parties to the above-entitled action jointly submit this Case Management Statement and [Proposed] Order and respectfully request that the Court adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1.    A BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION:**

Plaintiff and Counterdefendant Toshiba Corporation ("Toshiba") is a corporation existing under the laws of Japan with its principal place of business in Japan. Toshiba is in the business, among other things, of manufacturing and selling integrated circuit devices.

Counterdefendant Toshiba America Information Systems, Inc. ("TAIS") is a corporation organized under the laws of California with its principal place of business in Irvine, California. TAIS is in the business, among other things, of selling portable computing and information products.

Counterdefendant Toshiba America Consumer Products, L.L.C. ("TACP") is a limited liability company organized under the laws of New Jersey with its principal place of business in Wayne, New Jersey. TACP is in the business, among other things, of selling consumer electronics and digital home entertainment products.

Counterdefendant Toshiba America Electronic Components, Inc. ("TAEC") is a corporation organized under the laws of California with its principal place of business in Irvine, California. TAEC is in the business, among other things, of selling electronic components.

Counterdefendant Toshiba America Medical Systems, Inc. ("TAMS") is a corporation organized under the laws of California with its principal place of business in Tustin, California. TAMS is in the business, among other things, of selling diagnostic imaging devices.

Counterdefendant Toshiba America Business Solutions, Inc. ("TABS") is a corporation organized under the laws of California with its principal place of business in Irvine, California. TABS is in the business, among other things, of selling office product solutions for businesses.

Defendant and Counterclaimant Hynix Semiconductor Inc. ("Hynix") is a corporation existing under the laws of Korea with its principal place of business in Korea. Hynix is in the business, among other things, of manufacturing and selling integrated circuit devices.

-2-

1    Hynix is the purported assignee of U.S. Patent Nos. 4,718,019, 5,031,111 (reexamined),
2    5,422,311, 5,509,995, 5,512,519, 5,663,102, 5,807,728, 5,861,334, 5,869,404, 6,207,997, and
3    6,330,190 (the "patents-in-suit" or "asserted patents"). On November 8, 2004, Toshiba filed a
4    complaint against Hynix seeking a declaratory judgment of non-infringement and invalidity of the
5    patents-in-suit.[1] Hynix timely answered and counterclaimed that Toshiba, TAIS, TACP, TAEC,
6    TAMS, and TABS (collectively, "Plaintiff/Counterdefendants") infringed the patents-in-suit by
7    making, having made, using, selling, importing, and/or offering to sell products that were
8    manufactured using methods disclosed and claimed in the asserted patents, or that embody the
9    inventions claimed in the asserted patents.[2] Hynix also alleges that Plaintiff/Counterdefendants
10   have induced and contributed to the infringement of the asserted patents. Hynix alleges that this
11   infringement is willful.

12   Plaintiff/Counterdefendants timely responded, denying that they have infringed or are
13   infringing any of the claims of the asserted patents. Plaintiff/Counterdefendants allege that the
14   asserted patents are invalid.

15   This declaratory judgment action is one of four lawsuits brought by Toshiba against Hynix
16   on November 8, 2004. The other three lawsuits relate to Hynix' alleged infringement of
17   Toshiba's patents: one action in Japan and two actions in the Northern District of Texas (Civil
18   Action Nos: 3:04 CV 2391-L and 3:04 CV 2392-B).

19   On July 15, 2005, Hynix moved for leave to amend its counterclaims in one of the Texas
20   actions to include an offensive claim for patent infringement by Toshiba, TAEC, and TAIS. In
21   response to this motion, on July 18, 2005, Toshiba, TAEC, and TAIS filed a second declaratory
22   judgment action in this district on the patent that was the subject of the amended counterclaim
23   (U.S. Patent No. 5,200,030 (the "'030 patent")). The court in the Texas action granted Hynix'
24   motion before Toshiba could file opposition papers. Toshiba has since asked the court to
25   reconsider its decision. The court has not yet indicated its position on reconsideration of the

---

[1] Toshiba also named Hynix Semiconductor America Inc. ("HSA") as a party to the declaratory judgment action. However, on January 12, 2005, Toshiba voluntarily dismissed its claims against HSA without prejudice.
[2] Hynix also named Toshiba America, Inc. ("TAI") as a party to its counterclaims. However, on January 12, 2005, Hynix voluntarily dismissed its claims against TAI without prejudice.

-3-

DLA PIPER
RUDNICK GRAY
CARY US LLP

PA\10423746.1
351912-990603

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

decision. However, if the court decides not to reconsider its decision, then Toshiba, TAEC, and TAIS will voluntarily dismiss, without prejudice, the July 18, 2005 declaratory judgment action. If the court decides to reconsider the issue and denies Hynix' motion for leave to amend, then Toshiba, TAEC, and TAIS will move to consolidate the later filed declaratory judgment action with this one.[3]

2. **THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE:**

The principal factual issues which the parties dispute at this time are:

1. whether Plaintiff/Counterdefendants have infringed the asserted patents;
2. whether Plaintiff/Counterdefendants have contributed to the infringement of the asserted patents;
3. whether Plaintiff/Counterdefendants have induced others to infringe the asserted patents;
4. whether the asserted patents are valid;
5. the amount of Hynix' damages; and
6. whether any infringement by Plaintiff/Counterdefendants was willful.

3. **THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE:**

The principal legal issues which the parties dispute at this time are:

1. the construction of the claims of the patents-in-suit;
2. the infringement of any of the claims of the patents-in-suit, either directly, contributorily or by inducement, literally or by the doctrine of equivalents; and
3. the validity of the patents-in-suit

4. **OTHER UNRESOLVED FACTUAL ISSUES:**

There are no other unresolved factual issues at this time.

5. **THE PARTIES WHICH HAVE NOT BEEN SERVED AND THE REASONS:**

There are no parties which have not been served at this time.

---

[3] The alignment of the parties between this action and the July 18, 2005 action is identical. Additionally, the patents, all owned by Hynix, overlap in subject matter. Thus, the actions are fit for consolidation.

-4-

6. **THE ADDITIONAL PARTIES WHICH THE BELOW-SPECIFIED PARTIES INTEND TO JOIN AND THE INTENDED TIME FRAME FOR SUCH JOINDER:**

The parties do not intend to join any additional parties at this time. As abovementioned (in footnotes 1 and 2), HSA and TAI have been voluntarily dismissed without prejudice from this action.

7. **THE FOLLOWING PARTIES CONSENT TO ASSIGNMENT OF THIS CASE TO A UNITED STATES MAGISTRATE JUDGE FOR JURY TRIAL:**

The parties do not consent to assignment of this case to a United States Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

8. **THE PARTIES HAVE FILED A STIPULATION AND PROPOSED ORDER SELECTING AN ADR PROCESS:**

Pursuant to the Stipulation and [Proposed] Order Selecting ADR that was filed on February 18, 2005, the parties have agreed to participate in private mediation.

9. **OTHER INFORMATION REGARDING ADR PROCESS:**

The parties have agreed to participate in a private, global mediation involving this case, the Japanese action, and the two Texas actions. Because of the early nature of these actions, the parties have not yet determined a suitable mediator.

As this Court is aware, the parties have been engaged in extensive settlement discussions since the outset of this case. These negotiations prompted the parties' repeated requests to delay the initial Case Management Conference. However, these negotiations have not been successful. Accordingly, the parties believe that the failure of these negotiations warrants delaying mediation until 60 days after the final Claim Construction Ruling in the last of the United States cases so that the parties have additional facts to consider. The parties believe that this will increase the likelihood of settlement at mediation.

## DISCLOSURES

10. **THE PARTIES CERTIFY THAT THEY HAVE MADE THE FOLLOWING DISCLOSURES PRIOR TO THE CMC:**

The parties certify that they have made their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

PA\10423746.1
351912-990603

-5-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

# DISCOVERY

**11. THE PARTIES PROPOSE THE FOLLOWING DISCOVERY PLAN:**

<u>Requests for Admission</u>

The parties agree that each side[4] may serve up to 100 requests for admission on the other side, exclusive of requests for admission that solely seek to establish the authenticity or accuracy of a document or documents.

<u>Interrogatories</u>

Plaintiff/Counterdefendants propose that each side may serve up to 50 interrogatories on the other side. Hynix proposes that each side may serve up to 75 interrogatories on the other side. The parties agree that each interrogatory asking information with respect to some or all of the patents-in-suit shall be counted as one interrogatory. The parties also agree that a demand that a party set forth the basis for a denial of a request for admission shall be treated as a separate interrogatory for each request for which an explanation is sought.

<u>Production of Documents</u>

The parties agree that the production of documents will occur electronically when possible. The parties agree to produce documents on CDs or DVDs in TIFF format and subject to the following parameters:

1. Each page in a document shall comprise a single-page TIFF (300 dpi) image;
2. Each TIFF image shall be named for the Bates number that it represents (i.e. ABC0001.TIF);
3. Load files shall be provided for Ipro using Ipro's default .LFP format and shall contain document breaks indicating the beginning and ending Bates numbers for each document;
4. Load files shall also be provided for Opticon using Opticon's default .LOG or .OPT file format; and
5. Images shall be saved in sub-folders where the number of files does not exceed 5000 images per folder.

---

[4] "Side" means a party or a group of parties with a common interest.

DLA PIPER
RUDNICK GRAY
CARY US LLP

PA\10423746.1
351912-990603

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

1   The parties agree that documents will not be produced in their native file format (such as
2   .doc., .xls, or .ppt), subject to any agreement to the contrary.
3   The parties agree that if translations of foreign documents requested in discovery, were
4   made prior to July 31, 2002, the translations will be produced in the course of document
5   production. This agreement does not impact documents translated after July 31, 2002.
6   The parties also agree to bear their own costs associated with the production of
7   documents.
8   In its first set of document requests, the Toshiba entities have requested documents
9   pertaining to or created in prior litigations in which the patents-in-suit were litigated. During the
10  course of meeting and conferring for the preparation of this case management conference
11  statement, Hynix advised the Toshiba entities that preparing a privilege log for the prior litigation
12  documents (in particular the many attorney-client communications and litigation work product
13  protected documents that are created in any litigation) would be extremely burdensome and the
14  sheer scope of review and volume of documents to log would take months of time and effort by
15  multiple attorneys, paralegals and other staff and significantly slow down Hynix's document
16  production. Hynix proposed to the Toshiba entities that Hynix produce the privilege logs in
17  Hynix's possession, custody or control prepared in those prior litigations, which would identify
18  privilege documents withheld in those prior litigations. The Toshiba entities advised that they
19  would expect Hynix to create full privilege logs for all privileged documents relating to and
20  created in prior litigations, without exception. As Hynix believes this will cause undue and
21  unnecessary burden and would not result in meaningful information to the Toshiba entities
22  relevant to this case, should it be unable to reach agreement with the Toshiba entities regarding
23  this issue through further meet and confer discussions, it intends to move for a protective order to
24  allow it to produce the prior privilege logs from prior litigation, but not be required to log
25  privileged and work product protected documents created during all prior litigations.
26  The Toshiba entities seek complete privilege logs for these documents to ensure that no
27  relevant documents are improperly withheld on an erroneous claim of privilege. The Toshiba
28  entities believe that documents relating to and created in prior litigations regarding the patents-in-

-7-

DLA PIPER
RUDNICK GRAY
CARY US LLP

PA\10423746.1
351912-990603

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

1  suit are especially relevant to this case on the issues of, *inter alia*, infringement, validity, and
2  damages. Such documents would not be included in the limited privilege logs offered by Hynix.
3  However, the Toshiba entities believe they are entitled to all relevant, non-privileged documents
4  resulting from these prior litigations, as well as a complete privilege log explaining why such
5  documents are being withheld in this litigation. Without a complete privilege log, the Toshiba
6  entities believe they have no protection against the improper withholding of highly relevant
7  documents.

8  Depositions

9  Plaintiff/Counterdefendants propose that each side may take up to 30 depositions of fact
10 witnesses. Hynix proposes that each side may take up to 50 depositions of fact witnesses. The
11 parties agree that these depositions exclude those taken pursuant to Fed. R. Civ. P. 30(b)(6). The
12 parties also agree that these depositions are limited to one day of seven hours, but may be
13 extended to 14 hours spread over two days if a translator is required. The parties further agree
14 that deposition time will be counted as time on the record (excluding breaks) and the official time
15 on the record shall be kept by the videographer (if any) or the court reporter.

16 Plaintiff/Counterdefendants propose that each side may take up to an additional 10
17 depositions of fact witnesses which are limited to 14 hours spread over two days. Hynix proposes
18 that each side may take up to an additional 5 depositions of fact witnesses which are limited to 14
19 hours spread over two days. The parties agree that if a translator is required, the deposition may
20 be extended to 21 hours spread over three days. The parties agree that deposition time will be
21 counted as time on the record (excluding breaks) and the official time on the record shall be kept
22 by the videographer (if any) or the court reporter.

23 The parties propose that each side may take up to a total of 154 hours of technical expert
24 deposition testimony regarding infringement/non-infringement and validity/invalidity. The
25 parties further propose that technical expert deposition testimony is limited to 14 hours per expert
26 per patent. As an example, if two technical experts are designated for one patent, then each may
27 be deposed for a maximum of 14 hours. On the other hand, if a single expert is designated as an
28 expert for two patents, he may be deposed for 14 hours on one patent, and another 14 hours on the

-8-

1  other patent. These situations do not affect the 154 hour total limit for expert testimony. The
2  parties also propose that each side may take up to a total of 14 hours of damages expert
3  testimony.
4      These proposals are based on the Toshiba entities' preliminary belief that the different
5  Toshiba entities will not have different expert witnesses. In the event that two or more of the
6  Toshiba entities decide to use different experts, the parties agree that this hours limitation would
7  need to be increased for Hynix. In particular, the parties agree that, in such event, Hynix will be
8  entitled to take up to seven additional hours of technical expert testimony for each such additional
9  technical expert regarding non-infringement and/or invalidity. The parties agree that deposition
10 time will be counted as time on the record (excluding breaks) and the official time on the record
11 shall be kept by the videographer (if any) or the court reporter.
12     The parties propose that each side may take up to 140 hours of depositions pursuant to
13 Fed. R. Civ. P. 30(b)(6). The parties agree that deposition time will be counted as time on the
14 record (excluding breaks) and the official time on the record shall be kept by the videographer (if
15 any) or the court reporter.
16     With respect to foreign party witnesses of Toshiba and Hynix, Toshiba and Hynix agree to
17 make these foreign party witnesses available for deposition in the San Francisco Bay Area.
18 Toshiba and Hynix also agree to bear their own costs associated with traveling to the San
19 Francisco Bay Area for these depositions.
20     With respect to party witnesses of TAIS, TACP, TAEC, TAMS, and TABS, the parties
21 agree to take the deposition of these party witnesses in the city where the deponent resides,
22 subject to any agreement to the contrary. The parties also agree to bear their own costs associated
23 with traveling to the city where the deponent resides.

### DAMAGES

25 **12. AMOUNT OF DAMAGES SOUGHT AND THE BASIS FOR CALCULATION:**
26     Hynix currently intends to seek damages based on a reasonable royalty on sales of certain
27 Toshiba products. Hynix will seek an increase in these damages by three times due to Toshiba's
28 willful infringement, and will seek prejudgment interest on the untrebled portion of such

-9-

1  damages. Hynix will also seek its attorneys' fees and costs.

2  Hynix will require discovery from Toshiba to provide a more precise computation of
3  Hynix's damages. As part of the above damage calculations, Hynix intends to rely, *inter alia*, on
4  Toshiba's sales and license documents relating to certain products, Toshiba's correspondence and
5  internal files relating to communications regarding the patents-in-suit and Toshiba's knowledge
6  of Hynix's patents-in-suit. Additionally, Hynix intends to rely upon evidence of Hynix's sales
7  and licenses relating to Hynix products that embody the inventions of the patents-in-suit and
8  evidence that sales of these products that have been lost to Toshiba. Hynix also expects to
9  present expert testimony regarding its damages.

## CIVIL LOCAL RULES

**13. NUMBERING SYSTEM THAT WILL BE USED FOR EXHIBITS THROUGHOUT THE LITIGATION, INCLUDING TRIAL:**

The parties agree on the following numbering system that will be used for exhibits throughout the litigation, including trial:

| Exhibit Numbers | Party |
|---|---|
| 1-1000 | Plaintiff/Counterdefendants |
| 1001-2000 | Hynix |

If necessary, Plaintiff/Counterdefendants will resume exhibit numbering at 2001 and Hynix at 3001, and so on.

## PATENT LOCAL RULES

**14. PROPOSED MODIFICATIONS OF THE DEADLINES PROVIDED FOR IN THE PATENT LOCAL RULES:**

The parties do not propose any modifications of the deadlines provided for in the Patent Local Rules.

**15. WHETHER THE COURT WILL HEAR LIVE TESTIMONY AT THE CLAIM CONSTRUCTION HEARING:**

Live testimony will not be heard at the claim construction hearing.

DLA PIPER RUDNICK GRAY CARY US LLP
PA\10423746.1
351912-990603
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

16. **THE NEED FOR AND ANY SPECIFIC LIMITS ON DISCOVERY RELATING TO CLAIM CONSTRUCTION:**

The parties agree that there is no need for specific limits on discovery relating to claim construction.

17. **THE ORDER OF PRESENTATION AT THE CLAIM CONSTRUCTION HEARING:**

The parties agree that Hynix will be the first to present at the claim construction hearing, followed by Plaintiff/Counterdefendants.

18. **THE SCHEDULING OF A CLAIM CONSTRUCTION PREHEARING CONFERENCE TO BE HELD AFTER THE JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT:**

At this time, the parties do not see a need for the scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement has been filed.

## TRIAL SCHEDULE

19. **THE PARTIES REQUEST A TRIAL DATE AS FOLLOWS:**

The parties request that a further Case Management Conference be held approximately a month after the final Claim Construction Ruling in this case. The purpose of this further Case Management Conference would be to discuss the remaining case schedule, including the close of discovery, the timing of expert reports, the close of expert discovery, and a trial date. This further Case Management Conference will not impact or affect any dates that are triggered by the Claim Construction Ruling, such as those set forth in the Patent Local Rules.

///

///

| | | |
|---|---|---|
| 1 | Dated: August 23, 2005 | DLA PIPER RUDNICK GRAY CARY US LLP |
| 2 | | By _____ |
| 3 | | MARK FOWLER |
| | | RONALD L. YIN |
| 4 | | ALAN A. LIMBACH |
| | | M. ELIZABETH DAY |
| 5 | | VINCENT LAM |
| 6 | | Attorneys for Plaintiff/Counterdefendants |
| | | TOSHIBA CORPORATION, TOSHIBA |
| 7 | | AMERICA INFORMATION SYSTEMS, INC., |
| | | TOSHIBA AMERICA CONSUMER |
| 8 | | PRODUCTS, L.L.C., TOSHIBA AMERICA |
| | | ELECTRONIC COMPONENTS, INC., |
| 9 | | TOSHIBA AMERICA MEDICAL SYSTEMS, |
| | | INC., AND TOSHIBA AMERICA BUSINESS |
| 10 | | SOLUTIONS, INC. |
| 11 | Dated: August 23, 2005 | TOWNSEND AND TOWNSEND AND CREW LLP |
| 12 | | |
| 13 | | By _____ |
| | | Daniel J. Furniss |
| 14 | | Theodore G. Brown, III |
| | | Susan M. Spaeth |
| 15 | | Robert A. McFarlane |
| | | Anne M. Rogaski |
| 16 | | |
| 17 | | THELEN REID & PRIEST LLP |
| | | Kenneth L. Nissly |
| | | Susan Van Keulen |
| 18 | | |
| 19 | | Attorneys for Defendant/Counterclaimant |
| | | HYNIX SEMICONDUCTOR INC. |

DLA PIPER
RUDNICK GRAY
CARY US LLP

PA\10423746.1
351912-990603

-12-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW

1
## CASE MANAGEMENT ORDER

2 The Case Management Statement and [Proposed] Order is hereby adopted by the Court as

3 the Case Management Order for the case and the parties are ordered to comply with this Order.

4 DATED: 8/30/2005 ~~, 2005~~

5
 VAUGHN R. WALKER
6 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER
RUDNICK GRAY
CARY US LLP

PA\10423746.1
351912-990603

-13-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER / CASE NO. C04-04708 VRW