1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN FRANCISCO DIVISION

11   TOSHIBA CORPORATION,                    Case No.   C04 04708 VRW

12                    Plaintiff,
                                             [PROPOSED] STIPULATED
13          v.                               PROTECTIVE ORDER

14   HYNIX SEMICONDUCTOR INC.,

15                    Defendant.

16
     HYNIX SEMICONDUCTOR INC.,
17
                     Counterclaimant,
18
            v.
19
     TOSHIBA CORPORATION, TOSHIBA
20   AMERICA INFORMATION SYSTEMS, INC.,
     TOSHIBA AMERICA CONSUMER
21   PRODUCTS, L.L.C., TOSHIBA AMERICA
     ELECTRONIC COMPONENTS, INC.,
22   TOSHIBA AMERICA MEDICAL SYSTEMS,
     INC., and TOSHIBA AMERICA BUSINESS
23   SOLUTIONS, INC.

24                    Counterdefendants.     Dated : October 17, 2005

25

26          Whereas pretrial discovery in this action and any other patent lawsuit or counter-suit that

27   has been filed or is filed in the United States while this action is pending, involving some or all of

28   the Toshiba entities and some or all of the Hynix entities who are parties to this action

1   collectively, "the Related Actions"), shall necessarily involve the disclosure of trade secrets or

2   confidential research, development, or commercial information of the parties and of non-parties

3   from whom discovery may be sought; and

4        Whereas Toshiba Corporation ("Toshiba"), Toshiba America Information Systems, Inc.

5   ("TAIS"), Toshiba America Consumer Products, L.L.C. ("TACP"), Toshiba America Electronic

6   Components, Inc. ("TAEC"), Toshiba America Medical Systems, Inc. ("TAMS"), and Toshiba

7   America Business Solutions, Inc. ("TABS") (collectively, "the Toshiba entities") and Hynix

8   Semiconductor, Inc. have in good faith conferred and have agreed upon the terms of a Protective

9   Order to govern the Related Actions and for good cause shown; therefore,

10       The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure –

11   subject to the approval of the Court – to the following Protective Order:

12   **1.    Scope Of Protection.**

13       1.1    This Protective Order shall govern any information, document or thing

14   designated pursuant to paragraph 2 of this Protective Order, produced in the Related Actions,

15   including all designated deposition testimony, all designated testimony taken at a hearing or other

16   proceeding, all designated interrogatory answers, documents and other discovery materials and

17   things, whether produced informally or in response to interrogatories, requests for admissions,

18   requests for production of documents or other formal method of discovery.

19       1.2    This Protective Order shall also govern any designated information,

20   document or thing produced in the Related Actions pursuant to required disclosures under any

21   federal procedural rule, Northern District of California local rule, Northern District of Texas local

22   rule, and any supplementary disclosures thereto.

23       1.3    This Protective Order shall apply to the parties and any nonparty from

24   whom discovery is sought and who desires the protection of this Protective Order.

25   **2.    Designation.**

26       2.1    Each party shall have the right to designate as "Confidential" and subject to

27   this Protective Order any information, document or thing produced by it in the Related Actions

28   which contains, reflects, or otherwise discloses confidential technical, business or financial

PROTECTIVE ORDER
CASE NO. C04-04708 VRW

1    information.  This designation shall be made by stamping or otherwise labeling each page or

2    thing containing Confidential information with the legend CONFIDENTIAL (or like designation)

3    prior to its production or, if inadvertently produced without such legend, pursuant to the

4    procedure set forth in paragraph 15.

5        2.2    Each party shall have the right to designate as "Attorneys' Eyes Only,"

6    restricted to review by outside attorneys only and subject to this Protective Order, any

7    information, document or thing produced in the Related Actions which contains, reflects or

8    otherwise discloses trade secrets, current research and development or competitively sensitive

9    information.  Such "Attorneys' Eyes Only" information, documents and things may include,

10   without limitation, currently competitive trade secrets, confidential technical information,

11   technical practices, methods, or other know-how, minutes of Board meetings, pricing data,

12   financial data, sales information, customer-confidential information, agreements or relationships

13   with non-parties, market projections or forecasts, strategic business plans, selling or marketing

14   strategies or new product development, testing, manufacturing costs or information about

15   employees.  This designation shall be made by stamping or otherwise labeling each page or thing

16   containing Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or

17   like designation) prior to its production or, if inadvertently produced without such legend,

18   pursuant to the procedure set forth in paragraph 15.

19       2.3    The parties will use reasonable care to avoid designating any information,

20   documents or things Confidential that are generally available to the public.  The parties will also

21   use reasonable care to avoid designating any information, documents or things "Confidential" or

22   "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the

23   information, documents or things satisfy the criteria set forth in this paragraph.  To the extent that

24   material is marked Confidential or Attorneys' Eyes Only (collectively "Designated Information"),

25   such material shall be revealed to or used only by qualified persons as provided for in paragraph 4

26   and shall not be communicated in any manner, either directly or indirectly, to any person or entity

27   not permitted disclosure pursuant to this Protective Order.  Any copies of such material, abstracts,

28   summaries or information derived therefrom, and any notes or other records regarding the

PROTECTIVE ORDER
CASE NO. C04-04708 VRW

1  contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms

2  regarding confidentiality of these materials shall apply as apply to the originals.

3       2.4    With respect to all materials provided for inspection by a party's counsel,

4  designation by stamping or labeling need not be made until copies of the materials are requested

5  after inspection and selection by counsel.  Making documents and things available for inspection

6  shall not constitute a waiver of any claim of confidentiality, and all materials provided for

7  inspection by a party's counsel shall be treated as though designated Attorneys' Eyes Only from

8  the time of the inspection until otherwise designated pursuant to this Protective Order or produced

9  without a designation.

10      **3.**    **Limit On Use And Disclosure Of Designated Information.**

11       3.1    All recipients of Confidential or Attorneys' Eyes Only information

12  pursuant to this Protective Order shall use any Designated Information governed by this

13  Protective Order only in connection with the prosecution or defense of the Related Actions,

14  except by consent of the parties or order of the Court.  The prosecution and defense of the Related

15  Actions does not include prosecution of patent applications, reissue applications, reexamination

16  applications, interference proceedings or opposition proceedings.  No party or other person shall

17  disclose or release to any person not authorized under this Protective Order any Designated

18  Information governed by this Protective Order for any purpose, or to any person authorized under

19  this Protective Order for any other purpose.

20       3.2    While it is understood that counsel for a party may give advice and

21  opinions to his or her client regarding this litigation based on his or her evaluation of designated

22  Confidential and Attorneys' Eyes Only information received by the party – provided that such

23  rendering of advice and opinions shall not reveal the content of such Designated Information

24  except by prior written agreement with counsel for the producing party – counsel receiving

25  Confidential or Attorneys' Eyes Only information under this Protective Order will not in any way

26  use such Designated Information to provide advice or opinions to in any way facilitate

27  prosecution of any patents or to otherwise attempt to secure patent claims (e.g., reissue,

28  reexamination, certificates of correction).

3.3     The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4.     Disclosure Of Designated Information.**

4.1     Information, documents or things designated Confidential shall be disclosed by the recipient thereof only to:

a.      the outside attorneys and patent agents of record for the parties, and their authorized secretarial, clerical and legal assistant staff;.

b.      up to two Hynix Semiconductor Inc. employees having direct responsibility for the oversight of the Related Actions (to be identified to Toshiba prior to receipt by the employees of any Designated Information) not involved in the preparation or prosecution of patent applications, provided that each individual must first agree to be bound by the terms of this Protective Order;

c.      up to two employees for each of the Toshiba entities having direct responsibility for the oversight of the Related Actions (to be identified to Hynix Semiconductor, Inc. prior to receipt by the employees of any Designated Information) not involved in the preparation or prosecution of patent applications, provided that each individual must first agree to be bound by the terms of this Protective Order;

d.      consultants or experts and their staffs retained by the parties or their attorneys for purposes of the Related Actions, subject to the procedures of paragraph 7, who are not employees or otherwise affiliated with any of the parties, and who first agree to be bound by the terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as Exhibit A hereto,

e.      the Court and Court personnel;

f.      court reporters employed in connection with the Related Actions;

g.      outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators); and

1          h.      translation services necessary for translating documents in the

2    Related Actions.

3          4.2      Information, documents or things designated Attorneys' Eyes Only shall be

4    disclosed only to those categories of individuals listed in paragraph 4.1, excluding sub-

5    paragraphs 4.1(b) and 4.1(c).

6          4.3      No disclosure of Designated Information shall be made to persons in sub-

7    paragraphs 4(b) - (d) unless such person has executed a written Confidentiality Undertaking (in

8    the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of

9    this Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on

10   the producing party.  Separate Confidentiality Undertakings shall not be required for staff

11   members working under the supervision of an individual signing a Confidentiality Undertaking.

12   In any case, the provisions of paragraph 7 must be followed prior to any disclosure of

13   Confidential or Attorneys' Eyes Only information to experts, consultants or their staff.

14   **5.      Source Code.**

15         5.1      Each party shall have the right to designate any computer source code,

16   documents that describe encoding or decoding algorithms used in computer source code, and

17   copies thereof under the provisions of paragraph 5.3, as HIGHLY SENSITIVE - SOURCE

18   CODE.  Information, documents and things so designated will be subject to all of the restrictions

19   as material designated as Attorneys' Eyes Only and further will be subject to the following

20   additional restrictions and provisions.

21         5.2      The producing party shall provide one copy of any source code or other

22   materials designated under paragraph 5.1 on CD-ROM.  The source code shall be organized on

23   the CD-ROM by software release version.  The CD-ROM shall be kept at the offices of outside

24   trial counsel.  The CD-ROM shall be maintained in a locked cabinet or the like.  In addition, one

25   copy for each qualified consultant or expert pursuant to 4.1(e) may be made and may be

26   maintained in a locked cabinet or the like at the expert's place of work.  Should the CD-ROM

27   become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged

28   CD-ROM.  Source code may be disclosed to only those persons identified in paragraphs 4.1 (a)

1    and (d) - (g).

2          5.3      Counsel of record and each qualified consultant or expert receiving

3    materials described in paragraph 5.1 may load the CD-ROM onto a computer that conforms with

4    the restrictions and provisions of paragraph 5.2. Such computer shall be maintained as a stand-

5    alone, non-networked, password protected computer, which shall not be connected to any

6    peripheral device other than a monitor, keyboard, and mouse. Notwithstanding the foregoing, a

7    party shall be entitled to print in paper form, or copy in electronic form, as many lines of source

8    code as reasonably necessary for use as an exhibit at deposition, as an exhibit to a filing with the

9    Court, or as an exhibit at trial; provided that all such paper or electronic forms, to the extent

10    possible, shall be labeled on each page with a legend designating them as "HIGHLY

11    CONFIDENTIAL - SOURCE CODE OF [name of party], SUBJECT TO COURT

12    PROTECTIVE ORDER" together with a unique number for each copy on the first page or label.

13          5.4      The computer and each electronic and written copy of the designated

14    materials shall be stored securely in a locked cabinet when not in use. While in use, the computer

15    and such designated materials shall not be left unattended by counsel of record or any consultant

16    or expert.

17          5.5      No copies of the materials designated under paragraph 5.1 shall be made,

18    except for: (i) one copy for each qualified consultant or expert as described in paragraph 5.2; (ii)

19    temporary electronic copies created in the normal operation of a computer system; (iii) copies

20    made pursuant to the uses authorized under the provisions of paragraph 5.3; and (iv) such other

21    uses to which the parties may agree or the Court may order.

22          5.6      Other than the uses permitted in paragraph 5.1-5.5, materials designated

23    under paragraph 5.1 shall not leave the office of any outside counsel of record. A written log

24    shall be maintained by each Party listing each copy made pursuant to paragraph 5.3 and

25    disposition of all such copies (e.g., delivery/receipt to/by other authorized person, destruction, and

26    the like).

27          5.7      If any party intends to offer any evidence at trial based on the materials

28    designated under paragraph 5.1, the party shall request that the Court take appropriate measures

1  to preserve the confidentiality of the designated materials to the extent reasonably practicable.

2         5.8   Within 30 days of the conclusion of the litigation:

3             a.   All copies of materials designated under paragraph 5.1 must be

4  returned to the producing party.

5             b.   Notwithstanding the provisions above, outside counsel may retain

6  for archive purposes one (1) magnetic and one (1) paper copy of all pleadings exchanged by the

7  parties or filed with the Court that contain source code excerpts.

8      **6.**   **Withholding and Redaction.**

9         Counsel for a party producing documents may withhold documents or mask ("redact")

10  material deemed exempt from discovery because such documents or material are protected from

11  disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b).

12  For withheld documents:  the document withheld, along with the protection claimed for the

13  document and the basis for the protection, shall be reported on a log to be provided within thirty

14  (30) calendar days after the production of the files from which the withheld documents originate.

15  Documents created after the earliest filing date of the Related Actions which are protected from

16  disclosure under the attorney-client privilege or work product doctrine need not be included on

17  the privilege log.  For redacted documents:  (i) the produced document must identify the area

18  where redaction has occurred; and (ii) the identity of the redacted document, the protection

19  claimed for the redacted portions, and the basis for the protection shall be reported on a log to be

20  provided within thirty (30) calendar days after the production of the redacted document.  In all

21  cases, sufficient information must be provided to enable the other party to evaluate the legitimacy

22  of the asserted privilege or immunity.

23      **7.**   **Identification Of Experts.**

24         7.1   If any party desires to disclose information designated Confidential or

25  Attorney' s Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first

26  identify in writing to the attorneys for the producing party each such expert or consultant.  Such

27  identification shall include the full name and professional address and/or affiliation of the

28  proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or

1    consultant's past, current and anticipated consulting relationships (with the exception of damages

2    experts), a list of the cases in which the expert or consultant has testified at a deposition or at trial

3    within the last four years and all prior and/or present relationships between the expert or

4    consultant and the parties in this case.

5           7.2    The attorney for the producing party shall have five (5) business days from

6    receipt of such notice to object to disclosure of such information to any of the experts or

7    consultants so identified.  Objections shall not be made except where the objecting party has a

8    good faith belief that it may be harmed by the disclosure of the party's information.  Any

9    objection made to an opposing party shall state in detail the basis for the objection.

10          7.3    The parties shall attempt to resolve any objections informally.  If the

11   objections cannot be resolved, the objecting party may move the Court for an Order preventing

12   disclosure to the consultant or expert within ten (10) business days after the objection was made.

13   If any such motion is made, the objecting party shall bear the burden of proof.  If no such motion

14   is made within said ten (10) business day period, the consultant or expert shall be permitted to

15   receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective

16   Order.  In the event objections are made and not resolved informally and a motion is filed,

17   disclosure of information to the expert or consultant shall not be made except by Order of the

18   Court (or to any limited extent upon which the parties may agree).

19          7.4    The parties agree that expert discovery will be limited to the final expert

20   report(s) and all information, documents or things upon which the expert relied in preparing the

21   final expert report(s).  The parties agree that an expert's draft reports, notes and other

22   communications (to the extent not relied upon in preparing the final expert report(s)) will be

23   excluded from expert discovery unless specifically relied upon in preparing the final expert

24   report(s).

25   **8.    Related Documents.**

26   Information, documents or things designated Confidential or Attorneys' Eyes Only may

27   include (a) portions of documents, copies, extracts, and complete or partial summaries prepared

28   from or containing such information; (b) portions of deposition transcripts and exhibits thereto

1   which contain or reflect the content of any such documents, copies, extracts or summaries; (c)

2   portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which

3   contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d)

4   deposition testimony designated in accordance with paragraph 9.

5   **9.    Designation Of Hearing Transcripts And Deposition Transcripts And**

6   **Exhibits.**

7   9.1    Deposition transcripts, or portions thereof, may be designated as containing

8   Confidential or Attorneys' Eyes Only information subject to this Protective Order either (a) at the

9   time of such deposition, in which case the transcript of the designated testimony shall be marked

10   by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party

11   may direct, or (b) within ten (10) business days after receipt of the official transcript of the

12   deposition by providing written notice to the reporter and all counsel of record of the specific

13   pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all

14   counsel receiving such notice shall mark the copies or portions of the designated transcript in

15   their possession or under their control as directed by the designating party.

16   9.2    All deposition transcripts not previously designated shall be deemed to be,

17   and shall be treated as, Attorneys' Eyes Only for a period of fifteen (15) business days after

18   receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a

19   non-designating party to persons other than those persons named or approved according to

20   paragraph 4.2 during that period.  Any portions of such transcripts not designated within this time

21   frame shall not thereafter be treated as Confidential or Attorneys' Eyes Only information, except

22   by order of the Court.

23   9.3    Any party may mark any document or thing containing Confidential or

24   Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding,

25   provided the witness is qualified under the terms of this Protective Order to have access to such

26   designated material.

27   9.4    The designating party shall have the right to exclude from a deposition,

28   before the taking of testimony which the designating party designates Confidential or Attorneys'

1  Eyes Only and subject to this Protective Order, all persons other than those persons previously

2  qualified to receive such information pursuant to paragraph 4.

3       9.5    At any court hearing or proceeding no party is prevented by this Protective

4  Order from moving the Court to close the hearing and designate all or portions of the transcript as

5  Confidential or Attorneys' Eyes Only information.

6  **10.   Disclosure To Author Or Recipient.**

7       Notwithstanding any other provisions of this Protective Order, nothing herein shall

8  prohibit counsel or a party from disclosing a document containing information designated

9  Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any

10  person that the document clearly identifies as an author, addressee, or recipient of such document

11  or who can be shown by appropriate foundation (without disclosing the contents of the document)

12  would have received the particular document or would have been expected to know the contents

13  of particular document based on his/her position.  Regardless of the designation pursuant to this

14  Protective Order, if a document or testimony makes reference to the actual or alleged conduct or

15  statements of a person who is a potential witness, counsel may discuss the subject matter of such

16  conduct or statements with such witness without revealing any portion of the contents of the

17  document or testimony, and such discussion shall not constitute disclosure in violation of this

18  Protective Order.

19  **11.   Confidentiality Of Party's Own Documents.**

20       Nothing herein shall affect the right of the designating party to disclose to its officers,

21  directors, employees, attorneys, consultants or experts, or to any other person, its own

22  information.  Such disclosure shall not waive the protections of this Protective Order and shall not

23  entitle other parties or their attorneys to disclose such information in violation of it, unless by

24  such disclosure by the designating party the information becomes public knowledge.  Similarly,

25  the Protective Order shall not preclude a party from showing its own information to its officers,

26  directors, employees, attorneys, consultants or experts, or to any other person, which information

27  has been filed under seal by the opposing party.

28

PROTECTIVE ORDER
CASE NO. C04-04708 VRW                                                                                    -11-

1  **12.   Designation Of Documents Under Seal.**

2      Any information designated Confidential or Attorneys' Eyes Only, if filed with the Court,

3  shall be filed under seal and shall be made available only to the Court and to persons authorized

4  by the terms of this Protective Order.  The party filing any paper which reflects, contains or

5  includes any other party's Confidential or Attorneys' Eyes Only information subject to this

6  Protective Order shall file such paper in compliance with and pursuant to the pertinent local rules

7  where the paper is being filed, for example, Civil Local Rules of the Northern District of

8  California, Civil Local Rule 79-5(a) - (f) when filing in the Northern District of California and

9  Northern District of Texas Local Rule 79.3 and 79.4 when filing in the Northern District of

10  Texas.

11  **13.   Challenge To Confidentiality.**

12      13.1   This Protective Order shall not preclude any party from seeking and

13  obtaining, on an appropriate showing, such additional protection with respect to the

14  confidentiality of documents or other discovery materials as that party may consider appropriate.

15  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not

16  entitled to the protections of this Protective Order, (b) applying to the Court for an order

17  permitting the disclosure or use of Designated Information otherwise prohibited by this Protective

18  Order, or (c) applying for a further order modifying this Protective Order in any respect.  No party

19  shall be obligated to challenge the propriety of any designation, and failure to do so shall not

20  preclude a subsequent challenge to the propriety of such designation.

21      13.2   If a party seeks de-designation of particular items the following procedure

22  shall be utilized:

23      a.   The party seeking such de-designation shall give counsel of record

24  for the other party written notice thereof specifying the Designated Information as to which such

25  removal is sought and the reasons for the request; and

26      b.   If, after conferring, the parties cannot reach agreement concerning

27  the matter within five (5) business days after the delivery and receipt of the notice, then the party

28  requesting the de-designation of particular items may file and serve a motion for a further order of

PROTECTIVE ORDER
CASE NO. C04-04708 VRW                                                                -12-

1  this Court directing that the designation shall be so removed.  On any such motion, the burden of

2  proof shall lie with the producing party to establish that the information is, in fact, properly

3  designated as Confidential or Attorneys' Eyes Only information.

4      14.     **Inadvertent Disclosure Of Work Product Or Privileged Information:**
            **Procedure And Waiver.**

5

6          14.1   The inadvertent production or disclosure of any document or thing

7  otherwise protected by the attorney-client privilege or work product immunity shall not operate as

8  a waiver of any such privilege or immunity if, after learning of the inadvertent production or

9  disclosure, the party who made the inadvertent production or disclosure promptly sends to each

10 receiving party a written request for return of the inadvertently produced or disclosed document

11 or thing.  Upon being notified by the producing party pursuant to this paragraph, counsel for the

12 non-producing party shall use his or her best efforts to retrieve all copies of the documents at

13 issue.  The receiving party shall return or destroy all copies of such documents within five (5)

14 business days of such notice and certify such return or destruction in writing to the producing

15 party.  Return of the document by the receiving party shall not constitute an admission or

16 concession, or permit any inference, that the returned document is, in fact, properly subject to a

17 claim of attorney-client privilege or work product immunity.

18          a.    If the receiving party wishes to contest that any such document or

19 thing was inadvertently produced or is protected by the attorney-client privilege or by work

20 product immunity, the receiving party shall so notify the producing party in its certification of

21 return or destruction of the documents or things;

22          b.    Within five (5) business days after receiving such notification, the

23 producing party shall provide to the receiving party a list identifying all such returned documents

24 and things and stating the basis for the claim of privilege or immunity.

25          c.    Within five (5) business days after receiving such a list, the

26 receiving party may file a motion to compel production of such documents and things, the

27 protection of which is still disputed.  If such a motion is filed, the producing party shall have the

28 burden of proving that the documents and things in dispute are protected by attorney-client

PROTECTIVE ORDER
CASE NO. C04-04708 VRW                                                          -13-

1   privilege or by work product immunity.

2       d.      With respect to documents and things generated by a receiving

3   party which contain information derived from such inadvertently produced documents and things,

4   if the receiving party does not notify the producing party that the receiving party disputes the

5   claims of attorney-client privilege or work-product immunity, the receiving party shall either

6   destroy the derivative documents and things or redact from them all such derivative privileged or

7   immune information in a manner such that the derivative information cannot in any way be

8   retrieved or reproduced.

9       **15.    Inadvertent Failure To Designate.**

10      A producing party or nonparty that inadvertently fails to designate information,

11  documents or things pursuant to this Protective Order at the time of production may thereafter

12  make a designation pursuant to this Protective Order by serving notice thereof in writing,

13  accompanied by substitute copies of each item, appropriately designated, to the receiving party

14  within five (5) business days of discovery that the information, documents or things were not

15  properly designated.  The receiving party shall not be in violation of this Protective Order for

16  disclosures made prior to receipt of notification.  Those individuals who reviewed the

17  information, documents or things prior to the notice of misdesignation or failure to designate by

18  the producing party shall return to counsel for the producing party or destroy and certify

19  destruction of all copies of the misdesignated information, documents or things within ten (10)

20  business days after receipt of such notification.

21      **16.    Prior Or Public Knowledge.**

22      This Protective Order shall not apply to information that, prior to disclosure, is public

23  knowledge, and the restrictions contained in this Protective Order shall not apply to information

24  that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure

25  is made prior to disclosure or is public knowledge other than by an act or omission of the party to

26  whom such disclosure is made, or that is legitimately and independently acquired from a source

27  not subject to this Protective Order.

28

PROTECTIVE ORDER
CASE NO. C04-04708 VRW                                                    -14-

1    **17.    Limitation Of Protective Order.**

2        This Protective Order is not intended to address discovery objections to produce, answer,

3    or respond on the grounds of attorney-client privilege or work product immunity, or to preclude

4    any party from seeking further relief or protective orders from the Court as may be appropriate

5    under the Federal Rules of Civil Procedure.

6        **18.    Other Proceedings.**

7        18.1    By entering this Protective Order and limiting the disclosure of information

8    in this case, the Court does not intend to preclude another court from finding that information

9    may be relevant and subject to disclosure in another case.  Any person or party subject to this

10   Protective Order who may be subject to a motion to disclose another party's Confidential or

11   Attorneys' Eyes Only information pursuant to this Protective Order shall promptly notify that

12   party of the motion and provide that party with a copy of the motion so that it may have an

13   opportunity to appear and be heard on whether such information should be disclosed.

14       18.2    Furthermore, any person or party subject to this Protective Order who is

15   subject to a subpoena to disclose another party's Confidential or Attorneys' Eyes Only

16   information shall promptly notify that party of the existence of the subpoena and provide that

17   party with a copy of the subpoena so that party may have an opportunity to appear and be heard

18   on whether such information should be disclosed.

19       **19.    Non-Party Material.**

20       The terms of this Protective Order are applicable to Confidential or Attorneys' Eyes Only

21   information provided by a non-party.  Information provided by a non-party in connection with the

22   Related Actions and designated Confidential or Attorneys' Eyes Only, pursuant to the terms of

23   this Protective Order shall be protected by the remedies and relief provided by this Protective

24   Order.

25       **20.    Return Of Designated Information.**

26       Within ninety (90) calendar days after the final termination of the last of the pending

27   Related Actions by unappealable judgment, exhaustion of all appeals or settlement, unless

28   otherwise agreed to in writing by an attorney of record for the designating party, each party shall

PROTECTIVE ORDER
CASE NO. C04-04708 VRW
-15-

1   assemble and return, or certify destruction of, all Designated Information and all other materials

2   containing Designated Information, including all copies, extracts and summaries thereof, to the

3   party from whom the designated material was obtained, except that any documents or copies

4   which contain, constitute or reflect attorney work product or attorney-client privilege

5   communications may be retained by counsel, subject to a continuing obligation to protect

6   Designated Information pursuant to this Protective Order.

7       **21.    Costs of Productions.**

8       Each party agrees to bear its own costs associated with the production of documents and

9   things.

10      **22.    Waiver Or Termination Of Protective Order.**

11      No part of the restrictions imposed by this Protective Order may be waived or terminated,

12  except by written stipulation executed by counsel of record for each designating party, or by an

13  order of the Court for good cause shown.

14      **23.    Modification Of Protective Order; Prior Agreements.**

15      This Protective Order may be modified, and any matter related to it may be resolved, by

16  written stipulation of the parties without further order of the Court.  This Protective Order

17  supersedes any agreements between the parties regarding the confidentiality of particular

18  information entered into before the date of this Protective Order.

19      **24.    Section Captions.**

20      The title captions for each section of this Protective Order are for convenience only and

21  are not intended to affect or alter the text of the sections or the substance of the Protective Order.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

PROTECTIVE ORDER
CASE NO. C04-04708 VRW

1    **25.    Days.**

2        All references to "days" in this Protective Order shall be construed as calendar days,

3    unless otherwise specifically indicated.

4    DATED: 7 *October* '05

5                                    DLA PIPER RUDNICK GRAY CARY USA LLP

6

7                                    By: *Ronald L. Yin*

8                                        Ronald L. Yin
                                         Alan A. Limbach

8                                        Mark Fowler

9                                        Vincent Lam

10                                   Attorneys for Plaintiff/Counterdefendants
                                     TOSHIBA CORPORATION, TOSHIBA AMERICA

11                                   INFORMATION SYSTEMS, INC., TOSHIBA
                                     AMERICA CONSUMER PRODUCTS, L.L.C.,

12                                   TOSHIBA AMERICA ELECTRONIC
                                     COMPONENTS, INC., TOSHIBA AMERICA

13                                   MEDICAL SYSTEMS, INC., and TOSHIBA
                                     AMERICA BUSINESS SOLUTIONS, INC.

14

15   DATED: October 7, 2005

16                                   TOWNSEND and TOWNSEND and CREW LLP

17

18                                   By: 
                                         Daniel J. Furniss

19                                       Theodore G. Brown, III
                                         Susan M. Spaeth

20                                       Robert A McFarlane
                                         Anne M. Rogaski

21                                   THELEN REID & PRIEST LLP

22                                       Kenneth L. Nissly
                                         Susan van Keulen

23                                   Attorneys for Defendant/Counterclaimant
                                     HYNIX SEMICONDUCTOR INC.

24

25   **IT IS SO ORDERED:**

26   Dated: _____, 2005

27                                   _____

28                                   VAUGHN R. WALKER
                                     UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER
CASE NO. C04-04708 VRW                                      -17-

**EXHIBIT A**

| | |
|---|---|
| TOSHIBA CORPORATION, | Case No.   C04 04708 VRW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| HYNIX SEMICONDUCTOR INC., | |
| Defendant. | |

HYNIX SEMICONDUCTOR INC.,

Counterclaimant,

v.

TOSHIBA CORPORATION, TOSHIBA
AMERICA INFORMATION SYSTEMS, INC.,
TOSHIBA AMERICA CONSUMER
PRODUCTS, L.L.C., TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.,
TOSHIBA AMERICA MEDICAL SYSTEMS,
INC., and TOSHIBA AMERICA BUSINESS
SOLUTIONS, INC.

Counterdefendants.

**CONFIDENTIALITY UNDERTAKING**

I have read the Protective Order concerning the confidentiality of information in the above captioned litigation.  I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or Attorneys' Eyes Only that is furnished to me.  I

/ / /

PROTECTIVE ORDER
CASE NO. C04-04708 VRW

-18-

1   /// 

2   hereby consent to the personal jurisdiction of the United States District Court, Northern District

3   of California, for any proceedings involving the enforcement of that Protective Order.

4

5           EXECUTED this _____ day of _____, 2005

6

7                                        _____

8                                        Name

9                                        _____

10                                       Signature

11                                       _____

12                                       Present Employer or Other Business Affiliation

13                                       _____

14                                       Business Address

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER
CASE NO. C04-04708 VRW