IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HYNIX SEMICONDUCTOR INC, | No | C-04-04708 VRW |
|     Plaintiff, | | AND RELATED CASES |
|     v | | ORDER |
| TOSHIBA CORPORATION et al, | | |
|     Defendants. | | |
| _____/ | | |
| AND RELATED COUNTERCLAIMS | | |
| _____/ | | |

        Plaintiff/counterdefendant Hynix Semiconductor, Inc ("Hynix") owns the eleven patents-in-suit, which relate to the design and manufacture of semiconductors. Defendant/counterclaimant Toshiba Corporation seeks a judgment declaring that these patents are invalid and unenforceable or alternatively that Toshiba has not infringed any valid claims in these patents. Doc #1 at 23-24; Doc #25 at 16. Hynix denies these invalidity allegations and claims that Toshiba Corporation and various related entities (collectively, "Toshiba") have infringed the patents. Doc #12 at 23.

Toshiba has moved for leave to file amended replies to Hynix's counterclaims under FRCP 15(a). Doc #119. In particular, Toshiba asserts it has recently discovered facts that warrant amendment to add affirmative defenses of unenforceability due to inequitable conduct concerning four of the patents-in-suit and invalidity under 35 USC § 116 as to one of the asserted patents. Id at 4. For reasons that follow, the court GRANTS Toshiba's motion for leave to amend and VACATES the hearing scheduled for November 16, 2006, at 2:00 pm.

I

Under FRCP 15(a), leave to amend "shall be freely given when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v Aspeon, Inc, 316 F3d 1048, 1051 (9th Cir 2003) (quoting Owens v Kaiser Foundation Health Plan, Inc, 244 F3d 708, 712 (9th Cir 2001)). In Foman v Davis, 371 US 178, 182 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc -- the leave sought should, as the rules require, be 'freely given.'

Foman, 371 US at 182. See also Smith v Pacific Properties and Development Co, 358 F3d 1097, 1101 (9th Cir 2004) (citing Forman factors).

//

1     "Not all of the [Foman] factors merit equal weight.  As
2  this circuit and others have held, it is the consideration of
3  prejudice to the opposing party that carries the greatest weight."
4  Eminence Capital, 316 F3d at 1052 (citing DCD Programs, Ltd v
5  Leighton, 833 F2d 183, 185 (9th Cir 1987)).  "The party opposing
6  amendment bears the burden of showing prejudice."  DCD Programs,
7  833 F2d at 187.  "Absent prejudice, or a strong showing of any of
8  the remaining Foman factors, there exists a presumption under Rule
9  15(a) in favor of granting leave to amend."  Eminence Capital, 316
10 F3d at 1052.

## II

13    The facts underlying Toshiba's proposed affirmative
14 defenses arise from three sources:  (1) a parallel investigation by
15 the International Trade Commission (ITC) involving both parties,
16 (2) documents produced through recent claim construction discovery
17 and (3) Toshiba's independent investigation.  Doc #119. See also
18 Certain NAND Flash Memory Devices and Products Containing Same, US
19 ITC Inv No 337-TA-553.  Hynix does not dispute Toshiba's
20 justification for the delay; nor does Hynix allege the proposed
21 amendments would impose undue prejudice.  Instead, Hynix opposes
22 the amendments because it considers them futile.
23    Courts rarely deny a motion for leave to amend for reason
24 of futility.  Indeed, before discovery is complete, as here, a
25 proposed amendment is futile only if no set of facts can be proved
26 under the amendment which would constitute a valid claim or
27 defense.  Miller v Rykoff-Sexton, Inc, 845 F2d 209, 214 (9th Cir
28 1988).  See also William W Schwarzer, et al, 2 California Practice

**Guide: Federal Civil Procedure Before Trial 8:423 (denials based solely on futility "are rare").**

Hynix's argument ignores this standard and attempts to convert this motion for leave to amend into one for summary judgment. For example, Hynix argues for futility by alleging that the testimony of the patent's inventor "clearly negates" the assertion the patent was obtained through inequitable conduct. Doc #133. But the relevant inquiry is not whether Toshiba has proffered enough evidence to succeed on the merits, it is whether Hynix has demonstrated there is no set of facts under which the affirmative defenses would be valid. Doc #133. Hence, to establish futility, Hynix cannot simply note that the facts underlying Toshiba's proposed affirmative defenses are disputed.

In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. Schwarzer, *California Practice Guide* 8:423. That custom is appropriate here. Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend.

//
//
//
//
//
//
//
//

Case 3:04-cv-04708-VRW   Document 135   Filed 10/31/06   Page 5 of 5

### III

In sum, the court finds that Hynix has not shown any serious prejudice to mitigate FRCP 15(a)'s otherwise liberal stance toward granting motions to amend, particularly when only new defenses and not new parties are being added. Accordingly, the court GRANTS Toshiba's motion for leave to amend and VACATES the November 16, 2006, hearing.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge